| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY, COLORADO | |
| Court Address: 1777 6th Street,<br>                    Boulder, CO 80306 | DATE FILED: April 11, 2018 11:45 AM<br>FILING ID: 6E5B2F708F592<br>CASE NUMBER: 2018CV30328 |
| Plaintiff:  JOSHUA DEHAAN<br><br>v.<br><br>Defendant: ALLSTATE FIRE & CASUALTY INSURANCE | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff<br>DezaRae D. LaCrue #40290<br>Joseph A. Sirchio, #44675<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Ave.<br>Aurora, CO, 80014<br>Telephone: 303-757-3300<br>Facsimile: 303-757-3206<br>E-Mail: sirchioj@fdazar.com<br>E-Mail: lacrued@fdazar.com | Case Number:<br><br>Division: |
| **COMPLAINT FOR DAMAGES AND JURY DEMAND** | |

Plaintiff, Joshua DeHaan, by and through his attorneys, DezaRae D. LaCrue and Joseph A. Sirchio of Franklin D. Azar & Associates, for his Complaint, states and alleges as follows:

### GENERAL ALLEGATIONS

1.      Mr. DeHaan was injured in a car collision on May 5, 2015, (hereinafter the "collision") and described in more detail below.

2.      Mr. DeHaan is an individual and resident of the State of Colorado, County of Jefferson.

3.      Defendant, Allstate Fire and Casualty Insurance, ("Allstate") is a corporation doing business throughout the state of Colorado, including Boulder County.

4.      Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).

5.      This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

6.      On or about May 5, 2015, at approximately 11:20am Mr. DeHaan was driving westbound on West 8th Avenue in Denver, Colorado.

7.      Mr. DeHaan was at the intersection of West 8th Avenue and Elati Street.

EXHIBIT A

8.      Mr. DeHaan had a green light.

9.      Mr. DeHaan attempted to cross Elati.

10.     Mr. DeHaan's vehicle was struck by Concepcion E. Najera Vasquez' vehicle when she failed to stop at the red light as she traveled northbound on Elati Street.

11.     Mr. DeHaan's vehicle suffered severe damage.

12.     Mr. DeHaan did not contribute to the collision.

13.     Mr. DeHaan was not contributorily negligent.

14.     Concepcion E. Najera Vasquez was insured by Geico Insurance.

15.     Concepcion E. Najera Vasquez' liability limits through Geico Insurance were $100,000.00.

16.     Concepcion E. Najera Vasquez' insurance company accepted full liability for causing the collision.

17.     Mr. DeHaan notified Allstate of the May 5, 2015, collision.

18.     Mr. DeHaan settled with Geico for Concepcion E. Najera Vasquez' policy limits.

19.     Allstate gave Mr. DeHaan permission to settle with Concepcion E. Najera Vasquez for her policy limits of $100,000.00

20.     Mr. DeHaan has fully cooperated with Allstate in their investigation of his claim.

21.     Allstate has received Mr. DeHaan's medical records from Colorado Hand & Arm, P.C.

22.     Allstate has received Mr. DeHaan's medical records from Cornerstone Orthopedics & Sports Medicine, P.C.

23.     Allstate has received Mr. DeHaan's medical records from Denver Health.

24.     Allstate has received Mr. DeHaan's medical records from Denver Health Paramedics.

25.     Allstate has received Mr. DeHaan's medical records from Frontier Neurology and Neuromuscular Clinic.

26.     Allstate has received Mr. DeHaan's medical records from Lutheran Medical Center of Colorado.

27.     Allstate has received Mr. DeHaan's medical records from New West Physicians.

28.     Allstate has received Mr. DeHaan's medical records from Physiotherapy Associates.

29.     Allstate has received Mr. DeHaan's medical records from Rocky Mountain Cancer Center.

30.     Allstate has received Mr. DeHaan's medical records from Touchstone Imaging.

31.     Allstate has received Mr. DeHaan's medical records from Dr. John B. Woodward, III.

32.     Allstate has received fully executed medical authorizations from Mr. DeHaan.

33.     Allstate has never disputed that Mr. DeHaan suffered injuries in the collision.

34.     Allstate has never disputed that Mr. DeHaan suffered a right ulnar nerve injury in the collision.

35.     Allstate has never disputed that Mr. DeHaan suffered a fractured finger in the collision.

36.     Allstate has never disputed that Mr. DeHaan suffered left shoulder injuries in the collision.

37.     Allstate has never disputed that Mr. DeHaan's left shoulder surgery was necessitated by the collision.

38.     Allstate has never disputed that Mr. DeHaan's right ulnar nerve release surgery on June 27, 2016 was necessitated by the collision.

39.     Allstate has never disputed that etiology of Mr. DeHaan's left shoulder in jury was the collision.

40.     Allstate has never disputed that the etiology of Mr. DeHaan's fractured finger was the collision.

41.     Allstate has never disputed that the etiology of Mr. DeHaan's right ulnar nerve injury in the collision.

42.     Allstate knows that Mr. DeHaan's doctor has recommended he undergo a right ulnar neurolysis / transfer with medial epicondylectomy to treat his continued symptoms.

43.     Allstate has no reasonable basis to dispute that Mr. DeHaan will require a right ulnar neurolysis / transfer with medial epicondylectomy as a result of the Incident.

44. Allstate has no reasonable basis to dispute that Mr. DeHaan has suffered physical impairment as a result of the collision.

45. Allstate has no reasonable basis to dispute that Mr. DeHaan has suffered permanent impairment as a result of the collision.

46. Mr. Dehaan's future collision related medical treatment will exceed Allstate's policy limits.

47. Allstate has not requested to speak with Dr. Thomas Fry.

48. Allstate has not requested to speak with Dr. William Ciccone.

49. At all times relevant to this action, Mr. DeHaan was covered by an automobile liability insurance policy issued by Allstate that provided underinsured motorist benefits pursuant to C.R.S. 10-4-609(4) (2007) in the amount of $100,000.00.

50. As of April 11, 2018, Allstate has never requested that Mr. DeHaan undergo an IME.

51. Allstate has a duty to fairly and honestly evaluate Mr. DeHaan's claim

52. Allstate has a duty to fairly compensate Mr. DeHaan for his collision related injuries in excess of Concepcion E. Najera Vasquez policy limits up to the amount of Mr. DeHaan's policy limits.

53. Allstate is liable for Mr. DeHaan's damages in excess of those paid by Concepcion E. Najera Vasquez that are caused by the collision.

54. Allstate used a software program to reduce Mr. DeHaan's medical bills.

55. This reduction of medical bills by Allstate was not done when it paid medical payment benefits to Mr. DeHaan's medical providers.

56. Allstate knows that individuals have almost no ability to negotiate their medical bills on their own behalf.

57. Allstate knows that its repricing of medical bills incurred by its insured is an arbitrary method of reducing the benefits it pays out to the detriment of its insured.

58. Allstate used a software program, Colossus, to assess Mr. DeHaan's non-economic damages

59. Upon information and belief, Allstate has failed to investigate the cost of Mr. DeHaan's future medical care related to his ulnar nerve injury.

60.     Upon information and belief, Allstate has failed to investigate the impact Mr. DeHaan's ulnar nerve injury will have on his future earnings.

61.     Upon information and belief, Allstate has failed to investigate the impact Mr. DeHaan's ulnar nerve injury will have his future quality of life.

62.     Allstate has failed to make a reasonable offer to Mr. DeHaan for his underinsured motorist benefits.

63.     Allstate's incomplete investigation has resulted in delay of underinsured motorist benefits being paid to Mr. DeHaan.

64.     Allstate has not paid any underinsured motorist benefits to Mr. DeHaan under policy number 000976438482.

65.     Allstate's actions in Mr. DeHaan's case fail to meet the standard set for in Allstate's own claim handling manual.

66.     Allstate has failed to comply with Colorado's Unfair Claims Settlement Practices Act.

## PLAINTIFFS' FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

67.     Mr. DeHaan incorporates all previous allegations as though fully set forth herein.

68.     Sometime prior to the motor vehicle collision, Mr. DeHaan entered into a contract with Allstate for the purpose of obtaining automobile insurance coverage, including uninsured and underinsured motorist coverage. At all times pertinent to the within action, Mr. DeHaan has complied with all conditions precedent to coverage under the insurance policy issued by Allstate to Mr. DeHaan.

69.     Mr. DeHaan advised Allstate of a claim for seeking underinsured motorist benefits under its insurance policy, and otherwise fully cooperated with Allstate in connection with the claim.

70.     Mr. DeHaan is an intended beneficiary of Allstate's insurance policy/contract and is therefore entitled to enforce its terms.

71.     Mr. DeHaan is entitled to be compensated by Allstate for all damages he has incurred, including pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency and/or impairment, disfigurement, and disability, under the terms of the underinsured motorist coverage policy.

72.     Allstate has breached its contract with Mr. DeHaan by denying benefits owed under the insurance contract.

73. Allstate breached its contract with Mr. DeHaan in other ways, including but not limited to its evaluation.

74. As a direct and proximate result of Allstate's breach of contract, Mr. DeHaan has incurred damages in the amount to be proved at the time of trial.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF
## (FIRST PARY STATUTORY CLAIM UNDER C.R.S. § 10-3-1116)

75. Mr. DeHaan incorporates all prior allegations as though fully set forth herein.

76. Allstate has denied and delayed payment of under-insured motorist benefits to Mr. DeHaan without a reasonable basis for its action.

77. Allstate's unreasonable position and conduct has caused Mr. DeHaan damage by the loss of the compensation that is due to him and which Allstate should have previously paid to him.

78. In accordance with C.R.S. §10-3-1116, Mr. DeHaan is entitled to recover from Allstate two times the covered under-insured motorist benefits plus reasonable attorney's fees and court costs.

## PLAINTIFFS' THIRD CLAIM FOR RELIEF
## (BAD FAITH)

79. Mr. DeHaan incorporates all prior allegations as though fully set forth herein.

80. Allstate owed Mr. DeHaan a duty to act in good faith in reviewing, adjusting and settling his claims.

81. Allstate's duty to act in good faith in reviewing, adjusting and settling Mr. DeHaan's claim continues during this litigation.

82. Allstate has breached its duty to Mr. DeHaan by denying benefits owed under the insurance contract pursuant to *Fisher v. State Farm*, 2015 WL 2198515 (Colo. App. 2015).

83. Allstate breached its duty to Mr. DeHaan in other ways, including but not limited to its evaluation.

84. Allstate breached its duty to Mr. DeHaan, its insured, and acted in bad faith, by engaging in the following, among other acts:

    (a) Compelling Mr. DeHaan to institute litigation to recover amounts due to him under the under-insured motorist bodily injury liability benefits afforded Mr. DeHaan under the insurance policy;

    (b) Favoring the interests of Allstate, an insurer, over those of Mr. DeHaan, an

insured, to whom Allstate owes fiduciary and statutory duties;

(c)    Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Mr. DeHaan suffered at the hands of an under-insured motorist;

(d)    Failing to investigate Mr. DeHaan's future medical expenses and lost wages or earning capacity;

(e)    Failing to consider the full amount of Mr. DeHaan's medical bills;

(f)    Failing to input full and accurate information into Colossus for evaluation of Mr. DeHaan's non-economic damages;

(g)    Incompetently evaluating Mr. DeHaan's claim.

(h)    Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the offer of a compromise settlement; and

(i)    Failing to conduct an investigation into Mr. DeHaan's damages.

85.    Allstate's actions are unreasonable.

86.    Allstate's actions are careless.

87.    Allstate's actions are reckless.

88.    Allstate knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

89.    As a direct result of Allstate breaching its duties owed to its insured, Mr. DeHaan has been damaged including, but not necessarily limited to:

(a)    Being forced to incur additional costs in litigation;

(b)    Enduring the emotional trauma of being unnecessarily involved in a lawsuit with Allstate; and

(c)    Being deprived of the use of funds.

WHEREFORE, Mr. DeHaan prays for judgment against Allstate for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Mr. DeHaan's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

Respectfully submitted: April 10, 2018.

FRANKLIN D. AZAR & ASSOCIATES, P.C.
By /s/ *DezaRae D. LaCrue*
DezaRae D. LaCrue, 40290
Joseph A. Sirchio, #44675
ATTORNEYS FOR PLAINTIFF

Plaintiff's Address:
353 S. Robb Way
Lakewood, CO 80226